UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON,<br><br>   Plaintiff,<br><br> v.<br><br>KAMALA HARRIS,<br><br>   Defendants. | No. 2:16-cv-1994 MCE AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a state prisoner proceeding pro se, has filed a purported civil rights action pursuant to 42 U.S.C. § 1983 (ECF No. 7), together with a request to proceed in forma pauperis (ECF No. 2). Plaintiff has also filed a "Notice of Constitutional Question and Challenge Pursuant to F.R.C.P. 5.1 and Request for Court Certification Pursuant to 28 U.S.C. § 2403" (ECF No. 6), a Motion for Summary Judgment (ECF No. 8), and an "Ex Parte Motion to Expedite the Proceedings" (ECF No. 10).

   Based on the filings submitted, it appears that plaintiff is seeking to challenge the constitutionality of his sentence and release date rather than the conditions of his confinement. ECF Nos. 6, 7, 8, 10. Because plaintiff's claims challenge his current custody and release date, they cannot be raised by way of a § 1983 complaint. If plaintiff is trying to bring claims challenging his conviction or sentence, he must file a habeas corpus petition pursuant to 28 U.S.C. § 2254. Plaintiff is advised that, pursuant to 28 U.S.C. § 2241(d), venue for a habeas

1

action challenging the validity of the conviction and/or sentence is proper in the district of conviction. Plaintiff is further advised that he is subject to a vexatious litigant order in the United States District Court for the Central District of California. See Patterson v. Ratelle, No. 99-cv-0369-AAH (RMC) (C.D. Cal. April 29, 1999) (order adopting report and recommendation). Thus, the Clerk of Court for the United States District Court for the Central District of California will not accept habeas corpus petitions from plaintiff without payment of a filing fee and without written authorization from a District Judge or a Magistrate Judge issued upon a showing of evidence supporting the claim.

Accordingly, plaintiff's purported § 1983 amended complaint must be dismissed, without prejudice. Although the court would generally grant plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. United States Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The amended complaint (ECF No. 7) be dismissed for failure to state a cognizable claim for relief; and

2. The Clerk of Court be directed to terminate this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

////
////
////

objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE